Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANIBAL ASENCIO, on behalf of himself, and others similarly situated, | Case No.  **20 CV 5645** |
| Plaintiff, | **COMPLAINT** |
| -against- | ECF Case |
| MILEA TRUCK SALES CORP., and BARRY MILEA, individually, | Jury Trial Demand |
| Defendants. | |

Plaintiff, Anibal Asencio ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Milea Truck Sales Corp., ("Milea Truck Sales") and Barry Milea (collectively, "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff, Anibal Asencio, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages for hours worked; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Anibal Asencio, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages for hours worked; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Bronx County, New York.

6. Defendant, Milea Truck Sales Corp., is a business corporation existing and doing business under the laws of the State of New York, with a principal place of business at 885 East 149th Street, Bronx, New York 10455.

7. Upon information and belief, Defendant, Barry Milea, is the owner, officer, director and/or managing agent of Milea Truck Sales Corp., whose address is unknown at this time and who participated in the day-to-day operations of Milea Truck Sales Corp. and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law

§ 2 and the Regulations thereunder, and is jointly and severally liable with Milea Truck Sales Corp.

8. Plaintiff, Anibal Asencio, was employed by Defendants in Bronx County, New York, preparing trucks for sale and lease to the general public and delivering said trucks to customers, continuously beginning on or about June 6, 2013 and ending on or about March 13, 2020.

9. At all relevant times, Milea Truck Sales Corp. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, Anibal Asencio, was directly essential to the commercial truck sales and leasing businesses operated by Milea Truck Sales Corp.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Anibal Asencio lawfully earned wages for hours worked, in contravention of the FLSA and New York Labor Law.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Anibal Asencio lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Anibal Asencio lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

14. Plaintiff, Anibal Asencio, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. In June 2013, Plaintiff, Anibal Asencio, was hired by Defendants to work as a general helper for Defendants' company known as "Milea Truck Sales", located at 885 East 149th Street, Bronx, New York 10455, with additional locations in Queens and Kings County, New York.

16. Plaintiff, Anibal Asencio, worked continuously for the Defendants during the period of time between June 2013 through March 13, 2020.

17. Plaintiff's duties were to prepare trucks for sale/lease and deliver them to customers.

18. During Plaintiff's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked between fifty-five (55) and sixty-five (65) hours per week.

19. Plaintiff was paid hourly, but he was not paid wages for all hours worked, or overtime wages. Plaintiff was paid a regular rate of $13.00 per hour in 2013; his rate of pay was raised to $15.00 per hour during approximately 2014 through 2017; his hourly rate of pay was again raised, to $16.00 per hour, in approximately 2018. During his final year of his employment, Plaintiff's compensation was $17.00 per hour. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay, or his regular rate of pay, as required by state and federal law.

20. By shaving time and rounding, Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees, for some hours they worked.

4

21. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

22. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

23. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

24. Defendant, Barry Milea, is an individual who, upon information and belief, owns the stock of Milea Truck Sales Corp., owns Milea Truck Sales Corp., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

25. The individual defendant Barry Milea, exercised control over the terms and conditions of Plaintiff's employment in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of his employees' employment.

26. At all relevant times, defendants, Barry Milea, created and implemented crucial business policies, including supervising the Plaintiff and other employees, created

workplace policies and procedures, work schedules, and also determined the method and manner by which the employees were to be paid.

27. Defendant, Barry Milea, has been and is the corporate defendant's owner; he creates and implements crucial business policies.

28. Defendant Barry Milea, exercised sufficient control over Milea Truck's day-to-day operations as to be considered an employer of Plaintiff and others similarly situated, under the FLSA and New York Labor Law.

29. Upon information and belief, at all times relevant to the allegations in this Complaint, the defendant, Milea Truck Sales Corp., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

30. At all relevant times, Milea Truck Sales, Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

31. At all relevant times, Defendant Milea Truck Sales, Inc. had an annual gross volume of sales in excess of $500,000.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action individually and as representative on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants since July 2017 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum

wage for some hours worked, and less than the statutory rate of time and one-half, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

33. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are hundreds of Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

34. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

35. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

36. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

37. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

   d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

   e. Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty

(40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

38. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

39. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

40. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

43. Plaintiff, Anibal Asencio, worked hours for which he was not paid the statutory minimum wage.

44. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for some hours worked.

45. Plaintiff, Anibal Asencio, was entitled to be paid at the rate of time and one-half his regular rate of pay, for all hours worked in excess of the maximum hours provided for in the FLSA.

46. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

47. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

49. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and

practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

50. Plaintiff's "overtime compensation", or compensation for hours worked in excess of forty (40) hours per week was paid at his regular rate of pay, which ranged between $13.00 per hour in 2013, to $17.00 per hour, at the end of his employment in 2020.

51. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be in the possession and custody of the Defendants, though such records may be inaccurate or false because the wage statements did not accurately reflect his working hours. Plaintiff intends to obtain such records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Defendants failed to properly disclose or apprise Plaintiff, Anibal Asencio, of his rights under the FLSA.

53. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

54. Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

55. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

56. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "55" of this Complaint as if fully set forth herein.

57. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

58. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

59. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, or his regular rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

60. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

61. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

62. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

63. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

65. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

66. Defendants did not provide Plaintiff, with statements accurately accounting for his actual hours worked, and setting forth his hourly rate of pay, regular wage, and overtime wages. Plaintiff's overtime was paid described to be "car reimbursements" to as to avoid paying him statutory overtime compensation.

67. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying him for his full hours worked; and, overtime due.

68. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

69. Plaintiff was not provided with true and accurate wage notice and statements as required by law.

70. Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

71. Defendants' failure to provide a weekly wage statement entitles plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

72. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Anibal Asencio, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(c) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(d) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
July 21, 2020

                Respectfully submitted,

                CILENTI & COOPER, PLLC
                **Attorneys for Plaintiff**
                10 Grand Central
                155 East 44th Street – 6th Floor
                New York, NY 10017
                Telephone  (212) 209-3933
                Facsimile  (212) 209-7102
                pcooper@jcpclaw.com

By: _____
                Peter H. Cooper  (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:   Barry Milea

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Anibal Asencio intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Milea Truck Sales Corp., for all debts, wages and / or salaries due and owing to him as laborer, servant, and / or employee of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       July 21, 2020

                                    Respectfully submitted,

                              By:   _____
                                    Peter H. Cooper  (PHC 4714)
                                    CILENTI & COOPER, PLLC
                                    **Counsel for Plaintiff**
                                    10 Grand Central
                                    155 East 44th Street – 6th Floor
                                    New York, NY 10017
                                    Telephone  (212) 209-3933
                                    Facsimile (212) 209-7102
                                    E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Anibal Asencio__, am an employee currently or formerly employed by __Milea__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__July 21__, 2020

__Anibal Asencio__